IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BUILDING PLASTICS, INC., | ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 2:25-cv-02660-SHL-cgc |
| SHERWIN-WILLIAMS COMPANY, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

Before the Court is Defendant The Sherwin-Williams Company's Partial Motion to Dismiss Plaintiff's Complaint and Alternative Motion for a More Definite Statement, filed October 1, 2025. (ECF No. 10.) Sherwin-Williams seeks to dismiss the first two counts of Plaintiff Building Plastics, Inc.'s ("BPI") four-count complaint or, if the Court declines to dismiss Count I, to receive a more definite statement as to that count. (Id. at PageID 23.) BPI responded on October 22. (ECF No. 11.) Sherwin-Williams replied on November 5.[1] (ECF No. 12.)

For the reasons stated below, the Motion is **GRANTED**, and Sherwin-Williams is **ORDERED** to file its answer to the remainder of BPI's complaint within seven days.

## BACKGROUND

According to the complaint, BPI is a wholesaler of floor coverings and decorative surfaces. (ECF No. 1 at PageID 2.) It has supplied flooring products for Sherwin-Williams'

---

[1] Pursuant to Local Rule 7.2(c), a reply may not be filed without a court order granting a motion for leave to reply. Although the Court will consider Sherwin-William's reply here, in the future it is cautioned to seek permission to file replies, if it wishes to do so.

retail outlets for over 35 years. (Id.) BPI alleges that "[f]or many years," the two entities conducted business "under 60-day net terms." (Id.)

The events in this case begin in 2020, when BPI began selling certain flooring products manufactured by China Flooring, Inc. ("CFL") to Sherwin-Williams, which in turn sold them to Hughes Construction for installation in apartment complexes. (Id. at PageID 3.) Over the next four years, unbeknownst to BPI, problems arose with the CFL flooring installed in those apartments, leading Sherwin-Williams to suspect that the product was defective. (Id. at PageID 4.) In August 2024, according to the complaint, Sherwin Williams "unilaterally, arbitrarily, and without any discussion with Plaintiff" stopped paying BPI's invoices for more recent transactions, which were unrelated to the flooring installed in Hughes Construction's apartments. (Id. at PageID 3.) It is alleged that the non-payment was an attempt to recoup losses on the flooring at issue. (Id. at PageID 4.) Then, three months later, Sherwin-Williams sent BPI notices of "chargebacks," or self-claimed credits, of over $798,000, equivalent to the sum Sherwin-Williams had paid years earlier for the apartment flooring. (Id.) Upon inspection of the apartment complexes, Sherwin-Williams and Hughes Construction concluded the flooring product was defective, but BPI and CFL blamed faulty installation for the problems. (Id., ECF No. 11 at PageID 37.)

BPI's four-count complaint alleges breach of contract, breach of the implied duty of good faith and fair dealing, promissory estoppel, and unjust enrichment. (ECF No. 1 at PageID 5–7.) Sherwin-Williams seeks to dismiss Count I, arguing that the complaint does not identify the alleged contract, its terms, or "even allege whether it is a written or oral contract." (ECF No. 10-1 at PageID 26–28.) In the alternative, it seeks a more definite statement of "the specific essential terms of that contract." (Id. at PageID 32.) It also seeks to dismiss Count II, asserting

that Tennessee recognizes no standalone cause of action for a breach of the implied duty of good faith and fair dealing.  (Id. at PageID 31–32.)

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

### I.     Count I

Count I of BPI's complaint alleges that Sherwin-Williams breached a contract with BPI by failing to pay the 2024 invoices.  (ECF No. 1 at PageID 5.)  Sherwin-Williams contends that the breach of contract claim must be dismissed because it is "almost entirely devoid of any allegations concerning the terms governing the alleged contract on which BPI's contract claim depends."  (ECF No. 10-1 at PageID 30.)  Because, according to Sherwin-Williams, "the Court is unable to 'perceive the respective obligations of the parties,'" it cannot grant relief for Count I.  (Id. (quoting Harrison v. Am. Airlines, Inc., 760 F. Supp. 3d 545, 565 (M.D. Tenn. 2024) (citation modified)).)  It thus seeks either dismissal of the Count or, in the alternative, an amended complaint providing a more definite statement.  (Id. at PageID 29–32.)

BPI argues that the Parties have "a significant and consistent course of dealing" under the UCC, and that Sherwin-Williams' "regular purchase of BPI's products, coupled with its consistent payment practices under net 60-day terms, demonstrates mutual assent to an enforceable agreement."  (ECF No. 11 at PageID 39.)  Thus, although it did not plead the contract's essential terms, BPI contends that a contract was made and subsequently breached.

For BPI's breach of contract claim to survive a motion to dismiss, it must first plausibly allege "the existence of an enforceable contract." Harrison, 760 F. Supp. 3d at 566. Although BPI raises an inference that a contract existed by pleading the existence of invoices "for sales in 2024," it does not yet allege the existence of an *enforceable* contract, or a contract on which the Court can grant relief. That requires BPI to plead the essential terms of the contract, such as the description of the flooring sold in 2024 and its quantity. If BPI will amend its complaint to include these essential terms, its breach of contract claim may be cognizable. As it stands, it is not.

Thus, the motion to dismiss Count I is **GRANTED**.

## II.     Count II

Count II of BPI's complaint alleges that Sherwin-Williams breached the duty of good faith and fair dealing implied in all contracts by "arbitrarily" withholding payment from BPI. (ECF No. 1 at PageID 5.) Sherwin-Williams argues that Count II must be dismissed "because there is no separate cause of action for breach of the implied covenant of good faith and fair dealing under Tennessee law." (ECF No. 10-1 at PageID 31.) On this point, BPI agrees with Sherwin-Williams. (ECF No. 11 at PageID 41.)

Because the Parties agree that Count II fails to state a claim, the motion to dismiss Count II is **GRANTED**.

## CONCLUSION

For the reasons stated above, Sherwin-Williams' Motion is **GRANTED**. Sherwin-Williams is **ORDERED** to file an answer to the remainder of BPI's complaint within seven days from the filing of this Order.

**IT IS SO ORDERED,** this 21st day of January, 2026.

                                                s/ Sheryl H. Lipman  
                                                SHERYL H. LIPMAN  
                                                CHIEF UNITED STATES DISTRICT JUDGE